UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:17-cr-190-J-39PDB
18 U.S.C. § 371

RUBEN MCLAIN

### INFORMATION

The Acting United States Attorney charges:

### COUNT ONE
(Conspiracy)

#### A. Introduction

At times material to this Information:

#### The Defendant and Co-Conspirators

1. RUBEN MCLAIN (MCLAIN) was a resident of Winston-Salem, North Carolina. At all relevant times, he was excluded from participation in the Federal health care programs by virtue of his prior conviction for Federal health care offenses.

2. Conspirator #1 was a resident of Jacksonville, Florida. He was the President of Coastal Bay Behavioral Health ("Coastal Bay"), a clinic that purported to provide mental health to Medicaid patients in Florida.

## Background

3. At all relevant times, Medicaid was a government healthcare program. The program was a "healthcare benefit program" as that term is understood in 18 U.S.C. § 24(b).

4. The Medicaid program is a cooperative federal-state health care benefit program that enabled the states to furnish medical assistance to families and individuals who were unable to meet the costs of necessary medical services. Costs of the Florida Medicaid program are shared between the federal and state governments.

5. The Medicaid program imposes certain requirements on providers who seek reimbursement. One of those requirements is that providers must not employ any individual who is "excluded from participation." Pursuant to section 1128B(a)(1) of the Social Security Act, the Department of Health and Human Services (HHS) *must* exclude individuals that commit any health care fraud related activities for at least five years.

6. MCLAIN was familiar with the rules regarding the Medicaid program because he has previously participated in the Medicaid program and had previously been excluded from further participation due to past fraudulent activities.

### B. The Conspiracy

From approximately in or about January 2014 and continuing thereafter through in or about September 2017, in the Middle District of Florida, and elsewhere, the defendant,

RUBEN MCLAIN,

did knowingly and willfully combine, conspire, confederate and agree with other conspirators to commit an offense against the United States, that is, to knowingly, willfully, and with intent to defraud devise, and intend to devise, a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services, in violation of 18 U.S.C. § 1347.

### C. Manner and Means of the Conspiracy

The manner and means by which MCLAIN and co-conspirators sought to accomplish the purpose and objectives of the conspiracy included, but were not limited to, the following:

1. It was a part of the conspiracy that MCLAIN and his other conspirator knew that MCLAIN was excluded from the Federal health care programs, effective March 20, 2012, for a period of ten years.

2. It was further a part of the conspiracy that the conspirators together worked to create and manage Coastal Bay, while not disclosing this fact to the Medicaid program

3. It was further a part of the conspiracy that MCLAIN used an alias – Julian Winchester – to disguise his status as an excluded party. Through this alias, MCLAIN performed a variety of functions, including hiring and firing individuals, seeing patients, and performing other managerial tasks.

4. It was further part of the conspiracy that MCLAIN and Conspirator #1 billed the Medicaid program for purported health care claims while never disclosing MCLAIN's involvement.

5. It was further a part of the conspiracy that the conspirators hid MCLAIN's excluded status from Medicaid as both conspirators knew that, had they disclosed to Medicaid the truth about the excluded status, Medicaid would not reimburse Coastal Bay for services.

6. It was further a part of the conspiracy that the conspirators billed Medicaid hundreds of thousands of dollars over the past three years for mental health services purportedly performed by Coastal Bay.

### D. Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, the conspirators performed, and caused to be performed, overt acts in the Middle

District of Florida, and elsewhere, including, but not limited to, the following:

1. Beginning in or about early 2014, MCLAIN and Coastal Bay began submitting claims to Medicaid, seeking reimbursement for purported health care claims. MCLAIN did not disclose that he was actively working with Coastal Bay in submitting claims to the Medicaid program.

2. Beginning in or about early 2014, MCLAIN routinely traveled from his home in North Carolina to Jacksonville to assist in Coastal Bay's operations. Conspirator #1 was responsible for organizing MCLAIN's travel and was actively familiar with the alias.

3. In or about early 2014, and continuing through 2017, MCLAIN had access to a Coastal Bay credit card – and MCLAIN used the corporate credit card to make routine purchases at restaurants, furniture stores, gas stations, and other places in North Carolina, even though Coastal Bay had no operations in North Carolina. In addition to the use of the company credit card, MCLAIN and his immediate family received more than $10,000 in direct payment withdrawals from the Coastal Bay business account.

4. Through early 2014 through September 2017, MCLAIN, through Coastal Bay, received $1,159,050.51 in reimbursement from the Medicaid program directly under his name and billing information.

All in violation of 18 U.S.C. § 371.

Case 3:17-cr-00190-BJD-PDB Document 1 Filed 10/10/17 Page 5 of 7 PageID 5

## FORFEITURE

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a conspiracy of the violation of 18 U.S.C. § 1347, in violation of 18 U.S.C. § 371, the defendant, RUBEN MCLAIN, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.  The property to be forfeited includes, but is not limited to, a $1,159,050.51, which represents the proceeds of the offense.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be

divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
JASON P. MEHTA
Assistant United States Attorney

By: _____
JAY TAYLOR
Assistant United States Attorney

By: _____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division